CORFMAN, C. J., and WEBER, GIDEON, and FRICK, JJ., concur.

---

MAN-A-WATZE et al. v. WOONSOOK et al.

No. 3706.   Decided Nov. 18, 1921.   Rehearing Denied Dec. 13, 1921.   (202 Pac. 1118.)

Appeal from District Court, First District, Box Elder County; *J. D. Call*, Judge.

Action by Man-a-watze, Indian widow of Tom Pocatello, deceased, and others, against Joseph Woonsook, alias Little Joe Woonsook and others. From a judgment for defendant, plaintiffs appeal.

AFFIRMED.

*Ricy H. Jones*, of Brigham City, for appellants.

*Wm. J. Lowe*, of Brigham City, for respondents.

GIDEON, J.

The plaintiffs by this proceeding ask judgment decreeing them to be the next of kin, and therefore heirs at law, of one Ashinbow Pitsy, deceased, and as such heirs entitled, as sole and only distributees, to certain real property described in the complaint, or that they be awarded damages against defendants in the sum of $12,000, the alleged value of the property in controversy. It is alleged that Ashinbow Pitsy, an Indian widow, died intestate in Box Elder county, state of Utah, on or about February 3, 1903. She left certain real

property in Box Elder county which is the subject-matter of the controversy in this proceeding. On or about March 28, 1917, petition was filed in the district court, praying for letters of administration of that estate. Some objections or counter petitions were filed, and as a result of those petitions and the hearings thereon the defendant W. J. Lowe was named administrator of the estate. During the administration of the estate, and at the time of the application for distribution, a hearing was had, with a view of determining the heirs of the deceased Ashinbow Pitsy. At that time the plaintiffs presented their claim to be the heirs, but the court found in that proceeding that the defendant Joseph Woonsook, otherwise known as Little Joe Woonsook, was the heir, and the sole heir, and as such was entitled to a decree confirming the title in him. Subsequently a decree to that effect was entered, and the property distributed to such defendant. Thereafter a conveyance was made by said defendant Joseph Woonsook to the defendant Albert I. Grover. The plaintiffs in this proceeding allege certain irregularities in the probate proceedings, and ask that said proceedings be declared irregular and void, and of no effect. The court heard testimony on the issues made by the complaint and answer and found that the probate proceedings were regular; that no appeal had been taken from the judgment and decree in that proceeding; that the plaintiffs here were parties to the hearing had during the probate trial to determine heirship; that the plaintiffs were not heirs or next of kin of deceased; that they were not entitled to share in the distribution of the estate, but that Joseph Woonsook was the heir, and the only heir, of deceased, and as such succeeded to her interest in the real property, and was entitled to a decree of the probate court distributing to him said property. The findings of the court are assailed as not being supported by the evidence, and this court is asked to reverse the judgment and direct a decree awarding the property to the plaintiffs. An examination of the record establishes beyond much controversy that the contention of appellants is without merit. The evidence taken at the trial of the issues made by the pleadings in the present

suit amply supported the finding that the defendant Woonsook was the legal heir of the deceased, and that the plaintiffs are without right or claim as such. This necessarily results in an affirmance of the judgment. The judgment is accordingly affirmed, with costs against appellants.

CORFMAN, C. J., and WEBER, THURMAN, and FRICK, JJ., concur.